Nicholas ROMEO, an incompetent, by his mother and next friend, Paula Romeo, Appellant

v.

Duane YOUNGBERG, individually and in his official capacity as Superintendent, Pennhurst State School and Hospital; and Richard Matthews, individually and in his official capacity as Director of Resident Life, Pennhurst State School and Hospital; and Marguerite Conley, individually and in her official capacity as Unit Director, Unit 9, Pennhurst State School and Hospital.

No. 78–1982.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit Rule 12(6) Sept. 7, 1982.

Edmond A. Tiryak (argued), Elliot B. Platt, Community Legal Services, Philadelphia, Pa., for appellant.

Gerald Gornish, Acting Atty. Gen., David H. Allshouse, Norman J. Watkins, Deputy Atty. Gen., Chief, Civil Litigation Dept. of Justice, Harrisburg, Pa., Jonathan Wheeler, Frank, Margolis, Edelstein & Scherlis, Philadelphia, Pa., Joseph W. McGuire (argued), McWilliams, Baulis & Silverman, Philadelphia, Pa., for appellees.

Before SEITZ, Chief Judge, ALDISERT, ADAMS, GIBBONS, WEIS, GARTH, HIGGINBOTHAM, SLOVITER and BECKER, Circuit Judges.

---

**34**

## OPINION OF THE COURT

PER CURIAM.

Nicholas Romeo appealed, through his next friend, from a jury verdict for the defendants, officials of the Pennhurst State School and Hospital, in a suit brought pursuant to 42 U.S.C. § 1983 (1976). He alleged trial error in the admission and exclusion of the evidence, in the court's instructions to the jury and in the manner in which the trial was conducted. Because of the improper exclusion of relevant expert medical testimony and critical flaws in the standards that were employed in charging the jury, we vacated the judgment of the district court and remanded for a new trial. 644 F.2d 147 (3d Cir. 1980).

Subsequently, the Supreme Court granted certiorari, *Youngberg v. Romeo*, 451 U.S. 982, 101 S.Ct. 2313, 68 L.Ed.2d 838 (1981). Thereafter, the Supreme Court issued an opinion, *Youngberg v. Romeo*, —— U.S. ——, 102 S.Ct. 2452, 72 L.Ed.2d 28 (1982), substantially affirming the judgment of this court, but remanding for further proceedings in conformity with its opinion. The Supreme Court agreed that certain evidence had been improperly excluded, that the jury had been instructed erroneously, and that the plaintiff had constitutionally protected interests in safety, non-restrictive confinement conditions and habilitation. It diverged from the opinion of this court primarily in formulating a standard by which the plaintiff's constitutionally protected interests were to be adjudicated. Thus, the result of the Supreme Court's review of this case was to uphold this court's determinations that relevant evidence had been excluded and that the instructions to the jury had been incorrect, but also to alter this court's definition of the rights involved while affirming our ruling that such rights existed.

Accordingly, we now vacate the judgment of the district court and remand this matter to the district court for proceedings in accordance with the opinion of the Supreme Court.